UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

JOHN EUGENE MEASE,

    Plaintiff,

v.

RICKY J. WONNACOTT, et al.,

    Defendants.

_____/

Case No. 2:20-cv-176

HON. JANET T. NEFF

## OPINION AND ORDER

This is a prisoner civil rights action filed pursuant to 42 U.S.C. § 1983. Defendants filed a motion for summary judgment, arguing that Plaintiff failed to exhaust his available administrative remedies (ECF No. 32). The matter was referred to the Magistrate Judge, who issued a Report and Recommendation (R&R), recommending that Defendants' motion be granted with regard to Claims Four, Six, and Eight, and denied with regard to Claims One, Two, Five, Seven, and Nine (ECF No. 39).[1] The matter is presently before the Court on Plaintiff's objections to the Report and Recommendation (ECF No. 40). In accordance with 28 U.S.C. § 636(b)(1) and FED. R. CIV. P. 72(b)(3), the Court has performed de novo consideration of those portions of the Report and Recommendation to which objections have been made. The Court denies the objections and issues this Opinion and Order.

---

[1] The Magistrate Judge summarizes Plaintiff's claims in the R&R (ECF No. 39 at PageID.251-252).

Plaintiff's main argument is that the Magistrate Judge erred in failing to consider *Maben v. Thelen*, 887 F.3d 252 (6th Cir. 2018). In *Maben*, the Sixth Circuit determined that a hearing officer's factual determinations at a minor misconduct hearing does not have preclusive effect because the minor misconduct hearings lack certain procedural protections. *Id.* at 261. *Maben* does not address the availability of administrative remedies. "Cases from this and other districts within the Sixth Circuit have recognized that a prisoner must raise a claim of a retaliatory misconduct ticket as a defense in the misconduct hearing and, if unsuccessful, pursue the issue in an appeal." *Glenn v. Lamp*, No. 1:19-CV-803, 2021 WL 3293632, at *4 (W.D. Mich. Jun. 28, 2021) (collecting cases), adopted by, 2021 WL 3287763 (W.D. Mich. Aug. 2, 2021). The Court finds no error in the Magistrate Judge relying on Plaintiff's written statement in his appeals to determine whether he raised a claim of retaliation. Plaintiff has failed to explain how *Maben* has any effect on the Magistrate Judge's analysis.

Plaintiff also suggests that he raised retaliation at the misconduct hearing related to Claim Four. Although Plaintiff said that "they [were] out to get him" at the misconduct hearing, he never alleged retaliation or that any action was motivated by his protected conduct (ECF No. 1 at PageID.44-45). Nor did Plaintiff raise the issue of retaliation in his appeal of the misconduct (*Id.*). As the Magistrate Judge correctly determined, "even construing the facts in the light most favorable to [Plaintiff], the undersigned finds that no reasonable juror could determine that [Plaintiff's] appeal exhausted this retaliatory misconduct claim" (ECF No. 39 at PageID.266).

Finally, Plaintiff's arguments regarding the merits of his retaliation claims are irrelevant to whether he exhausted his available administrative remedies. In sum, Plaintiff's arguments fail to demonstrate any factual or legal error in the Magistrate Judge's analysis or conclusion.

Accordingly, this Court adopts the Magistrate Judge's Report and Recommendation as the Opinion of this Court.

Therefore:

**IT IS HEREBY ORDERED** that the Objections (ECF No. 40) are DENIED and the Report and Recommendation of the Magistrate Judge (ECF No. 39) is APPROVED and ADOPTED as the Opinion of the Court.

**IT IS FURTHER ORDERED** that the Motion for Summary Judgment (ECF No. 32) is GRANTED IN PART and DENIED IN PART.

**IT IS FURTHER ORDERED** that Claims Four, Six, and Eight are DISMISSED WITHOUT PREJUDICE.

The case will proceed on Claims One, Two, Three, Five, Seven, and Nine.


Dated:  September 27, 2022                            /s/ Janet T. Neff
                                                                                    JANET T. NEFF
                                                                                    United States District Judge