UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

JOHN EUGENE MEASE,

    Plaintiff,

v.

RICKY J. WONNACOTT, et al.,

    Defendants.

_____/

Case No. 2:20-cv-176

HON. JANET T. NEFF

## OPINION AND ORDER

This is a prisoner civil rights action filed pursuant to 42 U.S.C. § 1983. Defendants filed a Motion for Summary Judgment (ECF No. 74). The matter was referred to the Magistrate Judge, who issued a Report and Recommendation (R&R), recommending Defendants' motion be granted in part and denied in part. The matter is presently before the Court on the parties' objections to the R&R. For the reasons stated below, the objections are denied.

### I.    Legal Standard

Upon receiving objections to the R&R, the district judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). This Court may accept, reject, or modify any or all of the magistrate judge's findings or recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

"[O]bjections must be clear enough to enable the district court to discern those issues that are dispositive and contentious." *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995) (citing *Howard*

*v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 508–09 (6th Cir. 1991)). A general objection that fails to specify the issues in contention equates to no objection. *Id.* Moreover, objections are not a vehicle to rehash old arguments without explaining why the Magistrate Judge erred in rejecting the arguments. *Jarbou v. JPMorgan Chase Bank N.A.*, 611 F. App'x 342, 343-44 (6th Cir. 2015); *Owens v. Comm'r of Soc. Sec.*, No. 12-47, 2013 WL 1304470, *3 (W.D. Mich. March 28, 2013). "Issues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived. It is not sufficient for a party to mention a possible argument in the most skeletal way, leaving the court to . . . put flesh on its bones." *McPherson v. Kelsey*, 125 F.3d 989, 995-96 (6th Cir. 1997) (citations omitted).

## II.     Plaintiff's Objections

Plaintiff's objections are confusing and difficult to sort through.  He seemingly groups in allegations that are part of one claim when discussing a completely unrelated claim.  He first objects to "the relevant factual allegations" and seeks to "clarify" certain allegations he made in his Complaint (ECF No. 104 at PageID.639).  These objections are largely immaterial to the Magistrate Judge's analysis.  Furthermore, as the 42-page R&R adequately demonstrates, the Magistrate Judge conducted a thorough review of the Complaint and construed it liberally. The Court discerns no error in the Magistrate Judge's factual findings, and Plaintiff's objections are denied.

Plaintiff next argues that the Magistrate Judge erred in finding that Plaintiff abandoned his retaliatory transfer claim.  The Magistrate Judge correctly stated that this Court's screening opinion did not mention a retaliatory transfer (ECF No. 98 at PageID.593).  But even if Plaintiff pled a retaliatory transfer claim, Plaintiff abandoned any such claim.  On July 27, 2022, the Magistrate Judge issued an R&R on exhaustion that laid out the remaining claims in this case (ECF No. 39 at

2

PageID.271-272). The remaining claims did not include a retaliatory transfer claim. Plaintiff did not raise any issue related to a retaliatory transfer claim in his objections to that R&R. The Court adopted the R&R (ECF No. 44). After discovery had closed and nearly a year after the R&R was issued, Plaintiff argued for the first time that he had a retaliatory transfer claim in his summary judgment response. It is simply too late to raise that claim now. Furthermore, as noted by the Magistrate Judge, the record establishes that Plaintiff failed to exhaust any retaliatory transfer claim (ECF No. 98 at PageID.594 n.9). The Court, therefore, denies Plaintiff's objection related to the retaliatory transfer claim.

Plaintiff also argues that the Magistrate Judge erred in his analysis of Claim One. He contends that "he has presented sufficient evidence of retaliatory motive" and says there is "obvious racial disparities and anti-Muslim sentiments" (ECF No. 104 at PageID.642). Having reviewed the record, the Court agrees with the Magistrate Judge's analysis and conclusion. As to the property depravation claim, there is no genuine issue of material fact that Defendant Wonnacott would have confiscated Plaintiff's property regardless of whether Plaintiff exercised his religious beliefs because of the Scabies outbreak (ECF No. 98 at PageID.603-605). As to the deprivation of religious services claim, the Magistrate Judge found in Plaintiff's favor—Defendant Wonnacott was not entitled to summary judgment (*id.* at PageID.606). As to the retaliatory firing claim, Plaintiff's termination was clearly unrelated to his refusal to take medication (*id.* at PageID.607-608). The Court, therefore, denies Plaintiff's objections related to Claim One.

Plaintiff finally argues that the Magistrate Judge erred in his analysis of Claim Two. Simply, the Court discerns no error in the Magistrate Judge's analysis or conclusion. The Magistrate Judge correctly determined that (1) the alleged action—beginning to write but not issuing a misconduct ticket—does not rise to the level of an adverse action in these circumstances;

3

and (2) a reasonable juror could not determine that the alleged action was motivated by Plaintiff's prior protected conduct (*id.* at PageID.608-612).  The Court, therefore, denies Plaintiff's objections related to Claim Two.

### III.     Defendants' Objection

Defendants assert one objection to the R&R. They argue that the Magistrate Judge erred in determining that Defendant Wonnacott had sufficient personal involvement in Claim One. Defendant Wonnacott was certainly involved in the conduct that makes up Claim One.  The question is whether Defendant Wonnacott "did more than play a passive role in the alleged violation or showed mere tacit approval of the goings on." *Bass v. Robinson,* 167 F.3d 1041, 1048 (6th Cir. 1999).  Although this is a close call, the Court agrees with the Magistrate Judge.  The record—specifically Plaintiff's deposition testimony—demonstrate a genuine issue of material fact as to whether Defendant Wonnacott "knowingly acquiesced" in the unconstitutional conduct underlying Claim One.  *See Garza v. Lansing Sch. Dist.,* 972 F3d 853, 865 (6th Cir. 2020).  The Court, therefore, denies Defendants' objection.

### IV.     Conclusion

In sum, the parties' arguments fail to demonstrate any factual or legal error in the Magistrate Judge's analysis or conclusion.  Accordingly, this Court adopts the Magistrate Judge's Report and Recommendation as the Opinion of this Court.

Therefore:

**IT IS HEREBY ORDERED** that the Objections (ECF Nos. 99 and 104) are DENIED and the Report and Recommendation of the Magistrate Judge (ECF No. 98) is APPROVED and ADOPTED as the Opinion of the Court.

4

**IT IS FURTHER ORDERED** that the Motion for Summary Judgment (ECF No. 74) is GRANTED IN PART and DENIED IN PART.

**IT IS FURTHER ORDERED** that all claims against Defendants in their official capacities are DISMISSED WITH PREJUDICE.

**IT IS FURTHER ORDERED** that <u>Claim One</u> as it pertains to Defendants Lemmerman and McKinney, and as it pertains to Plaintiff's allegations that Defendant Wonnacott retaliated by confiscating Plaintiff's property and terminating his employment; and <u>Claim Two</u> are DISMISSED WITH PREJUDICE.

The following claims against Defendants in their personal capacities remain in this case:

- Plaintiff's claim that Defendant Wonnacott retaliated against him for refusing to break his fast by depriving him of his religious services beginning on May 24, 2019;

- Plaintiff's claim that Defendants Lemmerman and McKinney retaliated against him by refusing to sign off on his itinerary on June 29, 2019;

- Plaintiff's claim that Defendant McKinney issued him a retaliatory misconduct ticket on June 29, 2019;

- Plaintiff's claim that Defendant Wech issued him retaliatory misconduct sanctions on July 5, 2019; and

- Plaintiff's claim that Defendant McKinney issued him retaliatory misconduct sanctions on July 7, 2019.

Dated: July 12, 2024                                         /s/ Janet T. Neff
                                                             JANET T. NEFF
                                                             United States District Judge